## CITY OF NEW ORLEANS *v.* OSCAR PHILIPPI.

The Council of the late Third Municipality, elected for 1851, was incompetent to impose a tax for a past year. The Statute of the 18th March, 1850, entitled "An act relative to the city of New Orleans," designed that the taxing power of the Municipal Council should be exercised prospectively.
A by-law of a corporation which is contrary to a law of the State is void.
Where the law enables a corporation to make by-laws or ordinances in certain cases and for certain purposes, its power of legislation is limited to the cases and objects specified, all others being excluded by implication.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Labatt* and *Eustis*, for plaintiff. *F. C. Laville*, for defendant.

BUCHANAN, J. The defendant being sued for a city tax for the year 1850, levied upon property within the limits of Municipality No. Three, pleads that the said tax is illegal; that the ordinance by virtue of which the said tax was levied, is illegal, null and void; that the council of the late Third Municipality elected for the year 1851, was incompetent, and had no right to pass and adopt, in 1851, an ordinance imposing the tax of 1850 herein claimed; and because,

generally, said tax was not levied by said council in conformity with the dispositions of the statute of the 18th March, 1850, entitled " An Act relative to the city of New Orleans."

The ordinance of the late Third Municipality, under which this tax was assessed, is in evidence. It was adopted at a sitting of the Municipal Council, held on Monday, 1st of September, 1851, and was approved by the Mayor on the 4th of September, 1851. It ordains as follows : That the annual tax on all movable and immovable property and capital employed in trade, situate or owned in this municipality for the year 1850, to meet the estimate of expenditures for the debt of the municipality, as given in the estimative budget passed by this council at its session, 15th July last, and duly promulgated, is hereby fixed at $1 75 cents on every $100 of assessed value, in both the urban and rural parts of the municipality, according to the tableau of 1850 of the State assessors. That, to meet the extra cost of lighting and night watch given in the special budget for the urban part, there is hereby assessed upon property within the urban district, the further tax of twenty-five cents on every one hundred dollars of assessed value of such urban property, by the same tableau of 1850. That the taxes hereby laid, viz : 1¾ per cent. on rural property, and 2 per cent. on urban property, shall be due and collectable immediately after the promulgation of this ordinance.

The tax receipt on which the present suit is brought, bears date the 15th of September, 1851, and is for the sum of $110, being two per cent. on real estate assessed at $4000, in the Seventh Representative District, square No. 4, and on slaves assessed at $1500.

An examination of the statute quoted in the defendant's answer, has convinced us that his defence is well founded.

The Act of 18th of March, 1850, (Session Acts, No. 191,) page 129, was evidently designed to circumscribe and restrain the exercise of the taxing power vested in the municipal councils of New Orleans. It took effect immediately after its passage, and provided as follows : Sec. 1.—That the council of each municipality shall, every year, and before imposing any tax, fix and determine, by ordinance, the limit between the urban and rural parts of the municipality. Sec. 6.—And, before fixing the amount of tax to be assessed on the urban and rural parts of the municipality, shall cause to be made out a budget or estimate of expenditures for the urban part, and another like estimate or budget for the rural part, for the current year—those budgets to be published, in English and French, in the official paper of the municipality, during at least thirty days before the meeting of the council, at which the rate of taxation shall be assessed, that will be necessary for supplying any deficiency in the treasury for meeting the amount of said estimates.

It seems to admit of no doubt, that the Legislature intended, that the designation of limits for the urban, as contradistinguished from the rural districts of the several municipalities ; the preparation and publication of budgets of expenditures for the year in each district ; and the imposition of a rate of taxation adequate to the defraying of those expenditures—should be consecutive operations of municipal administration, periodically repeated, that is, once in every year, and so arranged, that not only should every year defray its own expenses, but that those expenses should be calculated, and that calculation submitted to the public eye in the newspapers, in advance of the imposition of the annual tax. And what still further confirms the idea, that the taxing power

of the municipal councils was to be exercised prospectively, is the provision in the 7th section of the statute, that whenever, from an extraordinary cause, an additional tax may become necessary in the course of the current year, that is to say, a tax, in addition to that which shall have been voted within the year, predicated upon an estimative budget of expenditures, in such case a new element is called into action ; and the additional tax must be sanctioned by a majority of the legal voters of the municipality.

We are of opinion that the council of Municipality No. Three, in their ordinance of the 1st of September, 1851, have departed from the path of action marked out for them by the statute of the 18th of March, 1850; and that so long as the latter statute was in force, they could not legally inforce a tax for a past year. A by-law of a corporation, which is contrary to a law of the State, is void. See Angell & Ames on Corporations, chap. 9, sec. —. And where the law enables a corporation to make by-laws or ordinances in certain cases, and for certain purposes, its power of legislation is limited to the cases and objects specified—all others being excluded by implication. Angell & Ames on Corporations, chap. 9, sec. 1. La. Code, Art. 424, 436. *Blanc* v. *Mayor*, 1 Mart. Rep. 125. *L. S. Bank* v. *Or. Nav. Co.* 3 Ann. 308 to 311.

In accordance with these principles, our predecessors have, on several occasions, pronounced the nullity of municipal ordinances which were unauthorized by the charter of the corporation, or contrary to laws subsequently enacted. 2d Ann. 611. 3d Ann. 294. 6 Ann. 605. In the present case, the reason of holding to this doctrine is particularly obvious, because the ordinance imposing the tax, professes to be based upon a budget or estimate prepared and published according to the Act of 1850, while it is in truth a departure from, not to say an evasion of, the substance and letter of that law.

Judgment of the District Court reversed, and judgment for defendant, with costs in both Courts.