## JOHN N. DAVIS *vs.* CHAS. H. O'BERRY ET AL.

*Appeal Dismissed Because Facts Not Properly Certified to This Court.*

Appeal from the Circuit Court for Anne Arundel County (REVELL, J.) . *Dismissed.*

In an opinion *per curiam,* filed January 16th, 1902, it is said : "This case is ruled by the judgment delivered in No. 101 'between the same parties (*ante* p. 708.) The construction placed in that case upon the sections of the registration law there involved is adhered to in this case when precisely the same sections of the same law are concerned.   The appeal in that case was dismissed and so must this appeal be also dismissed for

the same reason. There was an appeal from certain officers of registration to the Circuit Court for Anne Arundel County. The Court heard the case, and on July the fifth, nineteen hundred and one, decided it. On the same day an appeal was taken to this Court. On September the twentieth, according to the body of the record, or September the twenty-fourth, according to the docket entries—and we do not know which date is right—a paper called "an agreed statement of the case" was filed in the Circuit Court. This agreed statement of the case does not purport to set forth the facts that were elicited in the trial before the Circuit Court, and we are left by it entirely in the dark, both as to the questions decided below and the grounds upon which the decision that was made was based. An appeal in a case like this cannot be brought into this Court in such a way. If there had been an agreed statement of facts filed below *before* the case was heard there a different situation would have been presented. But we know of no practice which permits a statement of the case to be drawn up by counsel nearly *three months after* the determination of the case, and which allows that statement to be taken as a sufficient certification of the evidence adduced below, when the statement itself does not even profess to set forth what transpired in the trial Court. Such a method of bringing up a record in a case of this kind is irregular and wholly without precedent. It has been supposed that what was said by this Court in *Coulbourn* v. *Fleming*, 78 Md. 215, justified the course here pursued. But that is a palpable misapprehension. The case of *Coulbourn* v. *Fleming*, was an appeal from an order passed on a motion to strike out a judgment. It was a summary proceeding. There was no bills of exceptions but the transcript of the record contained a statement of evidence, which, by written agreement filed in the cause, counsel admitted was given at the hearing of the motion to strike out the judgment, "and, if we understand the agreement" said the Court, "was approved by the Court as correct." In dealing with a case thus presented we said: "In this State, however, according to a long-established practice, it is not obligatory to take a bill of exceptions.

in summary proceedings before the Court, such as motions to
quash attachments, to strike out judgments, and such like
matters. * * * When the motion rests on questions of
fact, the evidence ought to be certified in such manner as will
show the Appellate Court with certainty what proofs were
submitted to the Court below. * * * In *Dumay* v.
*Sanches & Gibson*, 71 Md. 512, it was said that the facts may
be presented by bills of exceptions, or by agreed statement
of facts, or by depositions taken under the authority of the
Court, and reduced to form, and authenticated, and filed in
the cause." Whilst all this is true and perfectly familiar, it
has no bearing on the cause at bar. We know of no instance
in which a mere agreement prepared and signed by counsel
months after the rendition of the judgment appealed from and
which does not on its face profess to narrate the facts elicited
below, has ever been regarded as entitled to take the place of
the bill of exceptions, or of a case stated, or of a formal
agreed statement of facts, submitted to and acted on by the
trial Courts.

But there is another equally serious defect. The case was
tried below during the April term of the Circuit Court. The
agreement was signed and filed during the following July
term of the same Court. Had the agreement been couched
in the form of a certificate by the trial judge, it could not be
considered because not signed during the term in which the
judgment appealed from was rendered. This has been ex-
pressly ruled in *Palmer* v. *Hughes*, 84 Md. 652. That being
so, then obviously no agreement intended to take the place of
a bill of exceptions, or of a certificate of the trial Judge can
be considered on appeal if it has been executed and filed
after the lapse of the term during which the case was tried.

*Jas. W. Owens*, for the appellant.

*Jas. R. Brashears*, for the appellee.