WM. A. SMITH ET AL., EXECUTORS, *vs.* JOHN FINNEY WELLS, TREASURER.

*Jurisdiction of Equity as Dependent Upon Amount Involved.*

A bill to restrain the collection of taxes amounting to less than eight dollars will be dismissed, since Code, Art. 16, sec. 102, provides that Courts of equity shall not try or give relief in any case wherein the original debt or damages does not amount to twenty dollars.

*Decided November 15th, 1907.*

Appeal from the Circuit Court for Harford County (VAN BIBBER J.)

The cause was argued before BOYD, SCHMUCKER, BURKE and ROGERS, JJ.

*John L. G. Lee,* for the appellants.

*E. H. Webster* and *S. A. Williams,* for the appellee, submitted the cause on their brief.

ROGERS, J., delivered the opinion of the Court.

The motion to dismiss, in this case must prevail.

The controversy in this case arose over the right of the County Treasurer of Harford County to sell a lot of ground in Aberdeen, a village of Harford County, for the purpose of collecting two years' taxes aggregating $15 92-100 dollars.

In the year 1903 James Smith the testator of the appellants purchased from Joseph A. Swingley a lot in Aberdeen on which taxes for the year 1902 were still in arrear and unpaid. This lot was assessed to William A. Smith individually and was advertised for taxes as belonging to him.

Each year after 1903 the taxes on the James Smith and William A. Smith properties, except those on the Swingley lot for the year 1902, which the Smiths contended were to be paid by Swingley were duly paid.

In 1906 the County Treasurer declined to receive the payment of 1906 taxes unless those for 1902 on the Swingley lot were paid, thereby requiring the owners to pay in full all the taxes in arrear and declining to accept part payments. This appears from certain correspondence contained in the record. In settling for 1906 taxes Smith included the taxes on the Swingley lot for that year, so that the original and real controversy in the case is over $7.92.

Upon the refusal of the Treasurer to accede to his wishes in the matter, Smith was obdurate and permitted the taxes on the Swingley lot to be advertised as delinquent during the latter part of February, 1907, thereby incurring the cost of

such advertisement and delinquency, aggregating in all $29.22, and thereafter the lot was advertised to be sold for the payment of said taxes on the 8th day of April, 1907. Thereupon the appellants filed their bill for an injunction in the Court below; the appellee answered; a motion to dissolve the injunction was thereupon filed and the cause was heard by the Court below upon oral evidence, and thereupon the Court below passed its decree dissolving the injunction and dismissing the bill, from which the complainants appealed.

Under Art. 16, sec. 102 of the Code it is provided that "the Courts of equity in this State shall not hear, try, determine nor give relief in any case, matter or thing wherein the original debt or damages does not amount to twenty dollars." *Kuenzel et al.* v. *Mayor and City Council of Baltimore,* 93 Md. 751.

In *Reynolds* v. *Howard,* 3 Md. Ch. Dec. 333, a bill in equity was filed by the purchaser of real estate to restrain two of the five vendors from proceeding with suits at law for the collection of their shares of the unpaid purchase money, until the proportion of taxes which these two vendors owed on the land sold by them was paid by them. The amount of unpaid taxes was less than twenty dollars, and on that ground the bill of complaint was dismissed.

We do not see how the plaintiffs in this case can maintain a bill in equity to restrain the collection of a debt which amounts to only seven dollars and ninety-two cents. $7.92.

*Appeal dismissed with costs to appellee above and below.*