# NATIONAL UNION *v.* SAWYER.

---

CONFLICT OF LAWS; LIFE INSURANCE; DEATH; PRESUMPTION FROM ABSENCE; STATUTE.

1. The laws of the District of Columbia govern a policy of life insurance issued therein by a fraternal insurance association doing business in the District, but organized under the laws of a State. (Following *Metropolitan L. Ins. Co.* v. *Hawkins,* 31 App. D. C. 493.)

2. A law of a fraternal insurance association, providing that disappearance or long-continued absence of a member shall not be evidence of death before the end of the period of his life expectancy, namely, seventy years, is without effect so far as it contravenes sec. 252, D. C. Code (31 Stat. at L. 1230, chap. 854), creating a presumption of death from seven years' absence. (Citing *Metropolitan L. Ins. Co.* v. *Hawkins, supra.*)

No. 2653. Submitted October 8, 1914. Decided December 7, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia granting plain-

tiff's motion for judgment under the 73d rule in an action on a policy of life insurance.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action by Augusta H. Sawyer against the National Union, appellant, a corporation of the State of Ohio, to recover on a certificate of insurance issued to her as beneficiary of John F. Sawyer, deceased.

Plaintiff filed an affidavit in support of a motion for summary judgment under the 73d rule of the rules of the supreme court of the District of Columbia, from which, and the reply thereto, the following facts appear:

The National Union is a fraternal insurance association organized under the laws of the State of Ohio. It consists of separate councils organized in the various States and in the District of Columbia, in which it is authorized to do business. The District of Columbia council is called "Scott Council."

John F. Sawyer, a resident of the District of Columbia, applied for membership in said Scott Council on February 2, 1891, and having paid his dues, a certificate of insurance was issued to him by defendants in the District of Columbia, whereby defendant promised to pay to the beneficiary the sum of $5,000 upon sufficient proof of the death of John F. Sawyer, provided he should be in good standing at the time of his death, and provided also that said Sawyer complies in future with all the laws, rules, and regulations concerning said benefit fund. That said Sawyer, while in good standing in said order, disappeared without any known purpose of changing his domicil, and that plaintiff and other friends of said Sawyer have no information concerning him, and plaintiff has never heard of him since. Plaintiff continued to pay the dues and assessments of said council and order up to and including June 5, 1912, all of which were accepted by defendant, and said policy continued in force. That due notice was given to defendant of the disappearance and death of said Sawyer, and demand made for the payment of the policy, which has been refused, and there is now

due plaintiff under the said policy the sum of $5,000, with interest thereon from the 5th of June, 1912, exclusive of all set-offs and just grounds of defense.

Defendant alleged that it was a fraternal beneficial association, incorporated under the laws of the State of Ohio, and was carried on for the mutual benefit of its members, and not for profit. That it has a representative governing body known as the Senate of the National Union, to make laws for the government of the order. Each local council is represented in this senate, each member having a vote. That said John F. Sawyer agreed to all the powers of said charter, and to be governed thereby, and by amendments to the Constitution and laws thereof to be adopted. ·That law 63 of the laws of the National Union, which was duly enacted by the session of the senate in July, 1904, provides that "any law of this order may be amended by any session of the senate, provided that such amendment shall be presented in writing in duplicate signed by three or more members, and shall be referred to the committee on laws for their report before being adopted. This law shall be in force immediately upon its passage, and shall govern and control all amendments to the laws proposed or passed at the session of the senate held at Mackinac Island, Michigan, in July, 1904, and all amendments proposed or passed at all future sessions.

"All amendments to the laws shall, unless the senate otherwise specially provides, go into effect on the 1st day of October following their passage.

"Each and every law and amendment to the laws shall be deemed and taken to apply to and be binding upon all members of the order whose memberships are in force at the time said law or amendment goes into effect, as well as upon all persons admitted to membership in the order thereafter, as fully and effectually as if it were so expressly provided in said law or amendment unless the said law or amendment otherwise provides." That said law 63 is now and has ever since the 1st day of October, 1904, been in full force and effect as a law of the defendant. That by an act of the general assembly of the State

of Ohio, passed April 25, 1904, and approved by the governor of said State on the 26th day of April, 1904, being an act regulating fraternal beneficial associations, printed in volume 97 of the Laws of Ohio, at page 421, it is provided in section 8 of said act: "Changes, additions, or amendments to the charter or articles of association, constitution, or laws duly made or enacted subsequent to the issuance of the benefit certificate, shall bind the member and his beneficiaries and govern and control the contract in all respects the same as though such changes, additions, or amendments had been made prior to and were in force at the time of the application for membership."

Pursuant to the authority conferred in the articles of incorporation, in conformity with said act of the general assembly of the State of Ohio, in conformity to its laws, and with the acquiescence of its member, the said John F. Sawyer, the Senate of the National Union, duly enacted at its session in July, 1906, section 5 of law 59 of the laws of the National Union, which went into effect on the 1st day of October, 1906, and which provides that "the disappearance or long-continued absence of a member unheard of shall not be regarded as evidence of his death at any time prior to the expiration of the full term of his life expectancy, and shall not be evidence of any right on the part of his beneficiary to receive payment or recover any sum of money prior to the expiration of the full term of his life expectancy; to wit, seventy years of age." That said laws have remained in full force and effect. That said Sawyer became bound by said by-law, and that plaintiff is not entitled to receive payment of said certificate prior to the expiration of the full term of said member's life expectancy; to wit, seventy years of age.

It was stipulated by the parties that the motions and demurrers heretofore filed in the above-entitled cause shall be disposed of upon the motion for judgment under the 73d rule of the rules of the supreme court of the District of Columbia, based upon the amended affidavit of merit filed by the plaintiff and the amended affidavit of defense filed by the defendant; that it is expressly understood and agreed that the sole question

that shall be considered and disposed of by the court is whether section 5 of law 59 of the laws of the National Union applied to the benefit certificate issued to John F. Sawyer by the defendant, and bound the said John F. Sawyer and his beneficiary. And it is further understood and agreed that judgment shall be entered either for the plaintiff or the defendant, according as the court may decide said question, subject to the right of either party to appeal or prosecute error from said judgment as provided by law. And both sides agree to be bound by the final disposition of said question.

On June 5, 1905, the said John F. Sawyer disappeared, and has not been heard of since that date, which is more than seven years before the filing of the suit. The plaintiff bases her claim of right to recover herein upon said policy of insurance, on the presumption of law which arises after a man has been absent and unheard of for seven years.

*Mr. Charles T. Hendler* and *Mr. George P. Kirby* for the appellant.

*Mr. George C. Hazleton, Mr. Blaine Coppinger,* and *Mr. W. Gwynn Gardiner* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Although the defendant was a corporation of the State of Ohio, it was doing business in the District of Columbia, and this policy was issued in the District of Columbia, and must be governed by its laws. *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557, 43 L. ed. 552, 19 Sup. Ct. Rep. 281; *Equitable Life Assur. Soc.* v. *Clements (Equitable Life Assur. Soc.* v. *Pettus)* 140 U. S. 226, 234, 35 L. ed. 497, 500, 11 Sup. Ct. Rep. 822; *Mutual L. Ins. Co.* v. *Cohen,* 179 U. S. 262, 45 L. ed. 181, 21 Sup. Ct. Rep. 106; *Northwestern Mut. L. Ins. Co.* v. *McCue,* 223 U. S. 247, 56 L. ed. 423, 38 L.R.A.(N.S.) 57, 32 Sup. Ct. Rep.

220; *Metropolitan L. Ins. Co.* v. *Hawkins,* 31 App. D. C. 493, 496, 14 Ann. Cas. 1092.

It is not important to consider the power of the defendant to change its laws. Let it be assumed that the power exists, and that the insurance certificate is to be governed thereby. The policy was issued in the District of Columbia, and was therefore a contract governed by its laws. The common-law presumption of death was made statutory, and the statute declares the public policy of the District in that respect. Section 252, D. C. Code [31 Stat. at L. 1230, chap. 854].

The corporation was without power to change this law. A general authority to make by-laws or amendments does not authorize the passage of one that contravenes the law of the land. The statute declares the general policy of the law and any by-law or regulation contravening the statute is necessarily without effect. Section 252 of the Code reads as follows: "If any person shall leave his domicil without any known intention of changing the same, and shall not return or be heard from for seven years from the time of his so leaving, he shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

The member, John F. Sawyer, having left his domicil June 5, 1905, without any known intention of changing the same, and not having returned or been heard from for seven years from the time of his so leaving, must be presumed to be dead. The amendment to the charter undertakes to declare that this presumption shall not apply. We are of the opinion that it governs this case, and that the member, having been absent and unheard of for more than seven years, must be presumed to be dead. *Metropolitan L. Ins. Co.* v. *Hawkins,* 31 App. D. C. 493, 495, 14 Ann. Cas. 1092; *Bullard* v. *National Eagle Bank,* 18 Wall. 589, 595, 21 L. ed. 923, 926; *Samberg* v. *Knights of Modern Maccabees,* 158 Mich. 568, 133 Am. St. Rep. 396, 123 N. W. 25; *Herring* v. *Ruskin Co-op. Asso.* — Tenn. —, 52 S. W. 327; *Kennedy* v. *Local Union,* 75 App. Div. 243, 78 N. Y. Supp. 85; *Kennebec & P. R. Co.* v. *Kendall,* 31 Me. 470,

477; *New Orleans* v. *Philippi,* 9 La. Ann. 44; *Hayden* v. *Noyes,* 5 Conn. 391, 397; *Darrin* v. *Hoff,* 99 Md. 491, 58 Atl. 196.

The judgment was right and will be affirmed, with costs.

*Affirmed.*