# MARY G. HYNES *vs.* RUTH WILSON.

*Automobile Accident—Liability of Owner—Child as Parent's Agent.*

The owner of an automobile is not liable for an injury caused by it while being driven by her son for his own pleasure and purpose. p. 361

In an action for injuries caused by defendant's automobile while being driven by her son, declarations made by defendant to the effect that the son was at the time trying to sell the automobile were admissible as admissions against interest, tending to show that he was acting as her agent. pp. 361–363

In an action against the owner of an automobile for injuries caused by it while being driven by defendant's son, evidence of admissions by defendant that the son had at the time taken the car out in an endeavor to sell it was sufficient to support a verdict for plaintiff, although the making of such admissions, and the attempt to sell the car, were denied. p. 363

*Decided February 6th, 1925.*

Appeal from the Baltimore City Court (HEUISLER, J.).

Action by Ruth Wilson against Mary G. Hynes. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellant.

*Edward J. Colgan, Jr.,* with whom was *H. A. Rogan* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The six exceptions to the court's rulings on the evidence, and the seventh exception to its action on the prayers, all present the question of whether the evidence was legally sufficient to show that the son of the appellant was using her automobile as her agent, at the time of the accident which caused the injury for which the appellee recovered against both the appellant and her son.

The automobile was owned by the appellant, and it was driven by her son when the injury to the appellee was inflicted through his negligence. The mother was not in the automobile when the appellee was struck, and was in no way responsible to her in damages, unless there existed a legal relation with her son of principal and agent. The testimony on her part is that the son's use of the automobile was wholly a matter of his own pleasure and for his own purpose, and, if there was nothing to the contrary in the case, the appellee should not have been permitted to recover against the appellant. *Myers v. Shipley,* 140 Md. 380.

There were, however, certain admissions of the appellant which were introduced in evidence by the appellee, that were sufficient, in the opinion of the lower court, not only to be given in evidence but to carry the case to the jury for its determination. The rulings on these admissions are the grounds of this appeal.

The son was a painter, thirty-five years old, unmarried, and lived with his mother. She could not drive the automobile, and whenever she took a ride the automobile was driven by her son, who had her full permission to use it as he liked. After proving the accident, the ownership of the automobile, that the son was its negligent operator at the time of the accident, and that there were two other men with him, the appellee offered certain admissions of the appellant. The materiality and relevancy of these admissions, in the first place, and their legal sufficiency to cast legal responsibility on the appellant, in the second place, are but divisions of the same question, and, therefore, the exceptions may all be considered together.

The first admission was at the hospital on a visit to the appellee by the appellant and her son, who was present and heard this conversation, which was testified to by the appellee, who said: "She came in. She said, 'Is this Mrs. Wilson?' I said, 'Yes, ma'am.' It was about 8.15 at night. She said, 'Well, this is my boy that run you down.' I said, 'Yes, ma'am.' She said, 'I am awfully sorry that this happened.' I said, 'Well, I know I am; it is awful suffering for me, and I lowered the cover and showed her the position and condition of my leg as it lay in the cast. She said to me, she said, 'It is awful.' She said, 'He is a good boy.' I said, 'I have no reason to doubt that he is, the place he was at.' She said, 'Oh, the reason he was there,' she said, 'he doesn't drink, but he had an appointment with a man to go with him to sell the car. It is my car, but I could not run it, and he was out with this man trying to sell this car. That is the reason that Roy was there, but he is a good boy and don't drink.' And he also made the same statement."

Later on in response to the inquiry, whether the son had taken part in the conversation, the appellee stated, "He only said that he was sorry that it happened, and the reason he was there is that he was trying to sell the car for his mother."

The second admission was in January, after the appellee had been taken home. The appellant was alone, and said, according to the evidence of the appellee: " * * * She hoped I would have mercy on her boy, and that she had wanted to sell the machine for over a month and that she had sent the son on the Saturday night of the accident to meet a gentleman that wanted to have the car tried out to sell to him, or he would not have been at where he was, and she was willing now to give it away with the trouble it had brought her."

The third admission was at the police station on October 5th, 1923. Sergeant Edward Daugherty testified the appellant walked in and this conversation took place between mother and son: " 'Hello, Ma, I have told everything.' 'Did you do it?' and he shook his head yes. Then Mrs. Hynes turned to us all and said, 'He was trying to sell it, I am sorry he did not. Now, I will give it away.' " Detective

John R. Burns' version of the material part of this admission is that appellant said: "He was out trying to sell that car and I wish he had."

The admissions are positively denied by mother and son, and their denials are supported by the corroborative testimony of other witnesses. The mother and son swore that the automobile was not for sale, and had not been offered for sale, and was taken out on the night of the accident for no other purpose than its individual use by the son. The conflict of testimony was for the jury. The only question for the court was the admissibility, and then the legal sufficiency of the statements to carry the case to the jury. We entertain no doubt that these declarations were relevant and material, and, if believed by the jury, were sufficient to entitle the appellee to recover against the appellant.

The automobile was an old one, and there is no inherent improbability in its being for sale by the mature son for his mother, who had no use of it except when driven by her son; and that, in the course of making the authorized sale, he was demonstrating the merits of the automobile to a possible purchaser, at the time of the accident. It is consistent with this theory of the facts that there were with him two men when the accident happened. The denial that these declarations were made; the explanation that the two men, who were not called to testify, were chance passengers, one known and the other unknown to the son, according to his version, and the testimony on the part of the appellant as to facts and circumstances which, if believed, either would make it improbable that the admissions were made or would establish that the appellant was untruthful, if she had said what was attributed to her, go to the credibility of the witnesses, and not to the legal sufficiency of these statements. *Whitelock v. Dennis,* 139 Md. 557, 565.

Admissions against interest are an accepted form of testimony to establish an issue of fact, and where they naturally tend to prove that a son was used to sell an automobile for a mother and that, while in the course of his business, he was showing the automobile to a possible purchaser and an acci-

dent occurred through his negligence, causing injury to a third party, the admissions are evidential that he was *quoad hoc* her agent; and, so, the driving of the agent is the driving of the principal.

The agency of the son, and the necessity for the accident to have occurred in the course and within the scope of his employment, were issues of fact submitted to the jury under appellant's granted fourth and fifth prayers. There is no error in the rulings of the lower court, to cause a reversal of the judgment, and it will have to be affirmed.

*Judgment affirmed, with costs to the appellee.*