## B. WILSON PRICE *v.* MORRIS MILLER.
[No. 41, October Term, 1933.]

*Decided January 10th, 1934.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Digges, Parke, and Sloan, JJ.

*Clater W. Smith* and *Roszel C. Thomsen,* with whom was *Walter L. Clark* on the brief, for the appellant.

*Foster H. Fanseen,* with whom was *Charles F. Goldberg* on the brief, for the appellee.

Digges, J., delivered the opinion of the Court.

The appellant in this case was the owner of a Chevrolet sedan which came into collision with the car of the appellee (defendant) at the intersection of Hilton and Powhatan Streets in the City of Baltimore. The appellant at the time of the accident was not an occupant of his car, which at that time was being driven by his brother, George A. Price. The case was tried before a jury in the Court of Common Pleas of Baltimore City, and resulted in a verdict and judgment for the defendant. It is from that judgment the appeal here is taken.

The single exception contained in the record is to the court's ruling upon the prayers. At the outset of the consideration of the case there is presented the question of what is the record upon which this court must base its conclusion. The original record was filed June 19th, 1933, and contained the declaration, the docket entries, certain prayers, and a purported condensation of the evidence as follows:

"Thereupon the plaintiff, B. Wilson Price, produced evidence that on December 31, 1931, the night of the accident at Hilton and Powhatan Streets, he had loaned his Chevrolet automobile to his brother, George A. Price, for his own personal pleasures; that at the time of the accident the said George A. Price was using said automobile to take his friend, Miss Eleanor Talbot, to a dance; that the plaintiff was not in said automobile, nor was he interested, in any manner, in its use by his brother, George A. Price. There was also evidence produced at said trial tending to prove that both George A. Price and the defendant, Morris A. Miller, were guilty of

negligence contributing to the happening of the accident complained of, and as a result of which the plaintiff's car was damaged."

This record was thus authenticated: "The aforegoing bill of exceptions approved this 26th day of May, 1933. Samuel K. Dennis."

The record further contains the stipulation between the attorneys for the plaintiff and defendant: "It is stipulated by and between counsel for the plaintiff and defendant that the aforegoing is a true and correct bill of exceptions, subject to the verification by the clerk of the prayers." This stipulation is signed by the respective attorneys; and the record is certified to by the clerk of the Court of Common Pleas.

Subsequently, on September 22nd, 1933, there was filed what purports to be a "diminished record," which contains testimony of the witnesses and certain prayers which were omitted from the original record. This diminished record is also certified to by the clerk of the court.

At the argument in this court, counsel for the appellee, defendant below, asked permission to leave with the court what purports to be a typewritten transcript of the entire evidence taken in the trial of the case. There being no objection, this typewritten transcript was left with and is now in the possession of this court. It contains no verification by any one, and is wholly unauthenticated.

These are the facts evidencing the present state of the record.

Under such circumstances, this court cannot consider the contents of the typewritten transcript as a part of the record in this case. *Riverdale Presbyterian Church v. Pugh & Co.,* 154 Md. 550, 140 A. 844; *Darrin v. Hoff,* 99 Md. 491, 58 A. 196; *Street Commrs. v. Williams,* 96 Md. 232, 53 A. 923; *Davis v. O'Berry,* 93 Md. 751, 51 A. 1107.

The diminished record contains testimony in the form of questions and answers. It also contains testimony condensed and stated in narrative form. In addition, it contains two

prayers. There is no indication that this supplemental record was presented to or approved by opposing counsel; and it is barren of anything which would indicate that it had been submitted to or approved by the trial court. In its present form, it is obvious that it is not a verbatim record of all of the proceedings in the court below, because, as stated, it contains condensed testimony, recited narratively. This court is asked to accept it as being a true record of the proceedings. This we feel we are unwarranted in doing, for the reasons and upon the authority which preclude us from considering the typewritten transcript produced at the argument of the case in this court. Without regard to the past practice, in cases where application is made for diminution of the record, it is evident that good practice requires that the diminished record be authenticated in like manner as the original, otherwise all of the evils attendant upon an unauthenticated record would be present; and the decisions of this court, stating the reasons which necessitate the authentication of the original record, apply with equal force to an unauthenticated diminished record. This requirement entails no hardship upon the parties litigant or the presiding judge, and makes sure of presenting for decision by this court the precise questions considered and passed upon by the trial court. It is impossible for this court to determine whether the diminished record here being considered contains all of the evidence taken below, or whether it contains only such extracts therefrom as the appellee may desire this court to consider.

Coming now to a consideration of the question presented by the original record, which was authenticated by the presiding judge, and also stipulated by counsel for the parties to be a true and correct bill of exceptions, we find it contains a single question for determination, namely, whether or not negligence by a bailee is imputable to the bailor and precludes the latter from recovery against a third party for damage or injury caused to the bailment by the negligence of the third party; or, stated another way: Does the negligence of the bailee contributing to the injury bar a recovery

by the bailor against a third party whose negligence also contributed to the injury sustained?

The evidence contained in the original record shows that the plaintiff was the owner of the car, which he had loaned to his brother for the latter's personal pleasure; that at the time of the accident the brother, George A. Price, was using the automobile to take his friend, Miss Eleanor Talbot, to a dance; that the plaintiff was not in the automobile, nor was he interested in any manner in its use by his brother, George, at the time of the accident; that the accident and injury to the car was occasioned by the combined negligence of the brother, George A. Price, and the defendant. It is well settled in this state that the negligence of the driver of a car, resulting in damage to a third party, is not a proper basis for recovery against the owner of the car, unless at the time of the accident the driver was the agent or servant of the owner, engaged in the owner's or master's business. This rule applies with equal force to the negligence of the borrower of an automobile who is using it for his sole benefit and pleasure, and not upon the business of the owner. *Myers v. Shipley,* 140 Md. 380, 116 A. 645; *Hynes v. Wilson,* 147 Md. 360, 128 A. 70; *Salowitch v. Kres,* 147 Md. 23, 127 A. 643; *Fletcher v. Meredith,* 148 Md. 580, 129 A. 795; *Schneider v. Schneider,* 160 Md. 18, 152 A. 498. The same reasoning which this and other courts have applied to hold the owner of a car immune from damages resulting from negligence of the borrower of his car, when employed in a case such as now before us, renders unavailable the defense of contributory negligence of the borrower, at the suit of the owner of the car against a third party. We have been referred to no case in this court where this precise question has been passed upon; but, from examination of authorities elsewhere, we find, in those jurisdictions where, like Maryland, the owner is not liable to third parties for injury caused by negligence of one to whom the car has been loaned, it is uniformly held that such negligence is not a bar to recovery by the owner against a third party whose negligence contributed to the injury.

In *Fischer v. International R. Co.,* 112 Misc. 212, 182 N. Y. Supp. 313, 315, the court said: "It certainly would seem logical that, where the owner of property loaned is not liable to third parties for the negligence of the bailee, the converse of the proposition should obtain, and that such negligence, when contributory to the negligence of third parties, should not absolve the third parties from liability to the owner of property damaged."

In the case of *Nash v. Lang,* 268 Mass. 407, 167 N. E. 762, 764, the court said: "The decided weight of judicial authority at present is that the contributory negligence of the bailee, concurring with that of a third person to injure the bailed property, is not to be imputed to the bailor who is free from any negligence. * * * In our opinion it follows upon principle that the plaintiff is not prevented from recovering compensation for the injury sustained to her property through the positive neglect of duty owed to her by the defendant, even though such neglect may have concurred to produce the harm with negligence of the bailee of his property." In that case the wife lent her automobile to her husband, and it was held that the relation of wife and husband in respect to the automobile was that of bailor and bailee, and, as stated, that she was entitled to recover damages against the third party, since the contributory negligence of her husband, the bailee, concurring with that of the third person to injure the bailed property, is not to be imputed to the bailor, the owner of the car, who is free from negligence.

In *Cain v. Wickens,* 81 N. H. 99, 122 A. 800, it is said: "The only question, therefore, which will be considered is whether, when property bailed is damaged by the negligence of the bailee and a stranger, the negligence of the bailee is to be imputed to the bailors. There is no case in this jurisdiction in which the precise question has been considered, but there are several in which the question of whether the negligence of a bailee, who is also an employee of the bailors, should be imputed to them has been considered. In these cases it is held that, if the bailee was acting within the scope of his employment when he did the act complained of, his

negligence is to be imputed to the bailors, notwithstanding he was not doing what he was employed to do in the way he was expected to do it when the accident happened. * * * If, however, the bailee was acting wholly outside of the scope of his employment when he did the act in question, his negligence is not imputed to his employers." See *Danforth v. Fisher*, 75 N. H. 111, 71 A. ·535; *Morgan County v. Payne*, 207 Ala. 674, 93 So. 628.

In the latter case it was said: "The negligence of a mere bailee of a truck is not imputed to the owner in an action by the latter to hold a third person liable for negligent injuries to it, unless some direction of or control over the actions of the bailee was reserved by the bailor." See *Campbell v. Chicago, B. & Q. R. Co.*, 211 Mo. App. 331, 245 S. W. 58; *Niagara Fire Ins. Co. v. Nathan (Sup.)*, 178 N. Y. S. 450; *Gfell v. Jefferson Hardware Co.*, 31 Ohio C. A. 214; *Hunt-Berlin Coal Co. v. McDonald Coal Co.*, 148 Tenn. 507, 256 S. W. 248; 6 *A. L. R.* 316, note.

There are many other decisions to the same effect contained in the opinions to which we have referred. While there may be found decisions to the contrary, it is undeniable that the great weight of modern authority on this point holds that the negligence of a bailee is not imputable to the bailor, and therefore is no legal defense in a ·suit by the bailor against a stranger for injury to the bailment, even though that injury was contributed to by the negligence of the bailee.

It follows from what has been said that the ruling of the lower court on the prayers, on the case presented by the original record, was erroneous, for which error the case must be reversed.

*Judgment reversed, and new trial awarded, with · costs to the appellant.*