JOHN A. BURGAN, PROSECUTOR, v. NEW JERSEY CIVIL SERVICE COMMISSION, AND FRANKLIN E. SMITH, RESPONDENTS.

Argued November 6, 1912—Decided May 19, 1913.

1. *Held*, that under section 3 of the act of 1906 (*Pamph. L., p.* 210), providing that each board shall upon organization elect from among their number a president and shall have power to employ a secretary, and fix his compensation * * * and in view of the fact that the statute compels a reorganization of the board annually, for the reason that one member of the board retires each year and a new member takes his place, fixes the employment of a secretary by the board, for the term of one year.

2. Although such secretary is an office-holder in the paid service of the state, his term being fixed disentitles him to any claim of protection under the Civil Service law.

On *certiorari.*

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *H. Starr Giddings.* .

For the respondents, *Harry Wootton.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor, John A. Burgan, claims to be secretary of the Atlantic county board of taxation by virtue of election held May 1st, 1912. The respondent, Mr. Smith, had been elected secretary of said board at each annual organization thereof, from 1906 to 1911, inclusive. The respondents contend that Mr. Smith is an office holder protected by the Civil Service law. He is, undoubtedly, an officer in the paid service of the state within the cases of *Pierson* v. *O'Connor,* 25 *Vroom* 36, and *Paddock* v. *Hudson Tax Board,* 53 *Id.* 360. The vital question, therefore, for decision is whether or not his term of employment is fixed by law. If it is fixed, then he does not come within the protection of said act.

The solution of this inquiry must be found in the act of 1906, which created the county tax boards (*Pamph. L., p.* 210), and under which Mr. Smith was employed as secretary to the board.

A reading of this act makes it manifest that it compels a reorganization of the board annually, because by force of its provisions one member of the board goes out each year and a new member takes his place.

And section 3 of the act provides: "Each board shall upon organization elect from among their number a president, and shall have power to employ a secretary, and fix his compensation, which shall in no case be in excess of the amount paid to any member of such board  *  *  *  ." The statute clearly implies the employment of a secretary, by the board, for the term of one year, that is during the life of the board which is limited to one year, or otherwise the provision for the organization of the board annually, and the election from their number (including the new member) of a president, and with power to employ a secretary would be rendered senseless.

We think that the term of the secretary is as definitely fixed by law for one year, by the statute, as if the act had in express terms stated that the term of employment of the secretary shall be one year. The logical sequence of this view is that Mr. Smith's term was fixed by law and was properly filled by the new board.

It does not appear that there has been any action taken by any board which the *certiorari* could reverse, and therefore the prosecutor cannot succeed in this proceeding. But the new Practice act was intended to meet such a condition as is presented here, and since it appears that the prosecutor is entitled to relief he may file an information.