WILLIAM H. YOUNG, RELATOR, v. BERNARD L. STAFFORD, RESPONDENT.

Submitted July 2, 1914—Decided November 20, 1914.

The act under which county boards of taxation are created (*Pamph. L.* 1906, *p.* 210) by its third section provides that "*each* board upon *organization* shall have power to employ a secretary," &c. *Held*, that the term of a secretary so appointed is limited to the life of the board that appointed him, since what each board may do upon its organization, no previously organized board can do for it.

On demurrer.

The relator claims the office of secretary to the Passaic county board of taxation by virtue of an appointment made by the said board in October, 1906, under which he served until June 16th, 1913, when the respondent was appointed.

The claim of the relator is that he held an office, the term of which was not fixed by law, and hence is protected from removal by the Civil Service act. This question is presented by a demurrer to the plea filed by the respondent.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the relator, *Hunziker & Randall.*

For the respondent, *John A. Stafford.*

The opinion of the court was delivered by

GARRISON, J. The question raised by the pleadings in this case is whether the relator's appointment as secretary to the Passaic county board of taxation was for an indefinite term or for a term fixed by law. Upon the authority of the case of *Burgan* v. *Civil Service Commission,* 84 *N. J. L.* 219, the term of the relator is fixed by law, being limited to the life of the board by which he was appointed, which is in turn by

statute limited to one year. This case does not, as has been argued to us, lay down the broad rule that all appointments are limited to the life of the body or officer who makes the appointment. Indeed, such argument loses sight of the phraseology of the statute that was construed in the Burgan case, viz., *"each* board shall upon *organization* * * * have power to employ a secretary," and so forth, which is the same statute that is now before us, from the language of which it is perfectly clear that what each board upon its organization has the power to do, every board has the power to do, and that if every board upon its organization has the power to employ a secretary, no previously organized board has the power to employ one for it; hence, by the language of the act, the employment of a secretary is necessarily limited to the organized life of the board that appointed him.

The argument of counsel likewise fails to discriminate between cases in which an employment such as that of secretary is merely incidental to the organization and work of a given board, and cases in which the authority to create or fill certain offices or positions is one of the delegated powers especially conferred upon a municipal body or a public officer, as was the case of the appointees of the sheriff in *Sullivan* v. *McOsker,* 84 *N. J. L.* 380. Sullivan *v.* McOsker was decided on March 3d, 1913, and Burgan *v.* Civil Service Commission was decided on May 19th, 1913, the opinion in each case being by Mr. Justice Kalisch; the argument that the two decisions are inconsistent is without force if the *ratio decidendi* of the later case is as I have stated.

We have not considered whether the secretary of the tax board holds an office for which *quo warranto* will lie; the question is not raised, and if decided adversely to the relator, would result merely in changing the form of the action to *certiorari. Practice act of* 1912, § 23; *Pamph. L., p.* 381.

Neither have we considered whether under rule 40 (*Pamph. L.* 1912, *p.* 389, *rule* 26) the demurrer in this case was a proper pleading.

On the merits of the controversy judgment is given for the respondent.