JOHN Q. HAYES, RELATOR, v. FRANK MOBIUS, RESPONDENT.

Argued February 16, 1921—Decided May 31, 1921.

Under the provisions of chapter 45 of the laws of 1907 (*Pamph. L., p.* 79) the terms of the board of fire and police commissioners of the city of Paterson is for one year, therefore the term of office of the clerk, appointed by the board, is limited to the period of the legal existence of the board. *Burgan* v. *Civil Service Commission,* 84 *N. J. L.* 219, and *Young* v. *Stafford,* 86 *Id.* 422, followed.

---

On demurrer to information, &c.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the relator, *Clifford L. Newman.*

For the respondent, *Edward F. Merrey.*

The opinion of the court was delivered by

KALISCH, J.  The relator claims that the defendant unlawfully usurps into and unlawfully holds and executes the office of clerk of the board of fire and police commissioners of the city of Paterson.  Since the argument the information filed by the relator and demurred to by defendant has been amended by written stipulation of counsel, as follows:

"Relator duly took and subscribed and filed an oath of office, pursuant to section 4, chapter 45, *Pamph. L.* 1907.  He filed no bond with comptroller of the city.  He was not directed by the board of fire and police commissioners to enter into bond to said city, nor did said board of fire and police commissioners of said city prescribe any sum which he should enter into bond."

The information, after alleging that the Civil Service act was adopted by the city of Paterson prior to the election of the relator to the office of clerk of the board, on January 1st, 1919, further sets forth that the board illegally undertook and attempted to appoint the defendant as clerk of the board, without removing or discharging the relator or assigning any reason therefor; that the board attempted to appoint defendant clerk as aforesaid during good behavior.

For the relator it is contended that his term of office is not fixed by law, and hence he belonged to the exempt class under the Civil Service act, which made him immune from removal except for cause.

In order to ascertain whether such clerk's term is or is not fixed by law, we must have recourse to sections 1 and 3 of the act of 1907, *supra,* which sections relate to the creation and life of the board, for, unless the statute otherwise provides appointments made by the board without any definite term being fixed, will, under the cases of *Burgan* v. *Civil Service Commission,* 84 *N. J. L.* 219, and *Young* v. *Stafford,* 86 *Id.* 422 (affirmed by the Court of Errors and Appeals in 87 *Id.*

726), be held to be for the term of the board making the appointment.

The plain reading of sections 1 and 3, above referred to, makes it manifest that the term of the legal existence of the board was for one year. The board consists of four members, the term of two of which expires on the 1st day of January of each year, and the mayor is required to appoint two suitable persons to take the place of those members whose term shall then expire.

Section 3 provides that the commissioners, immediately after qualifying by taking and subscribing the official oath, shall meet and proceed to organize said board and shall elect by ballot, by a majority vote, one of said commissioners to act as president of the board, &c. We are, therefore, unable to distinguish the statutory situation presented here from that which was present in the *Burgan* and *Stafford cases, supra,* which cases we regard as controlling the subject under review.

The demurrer is sustained, with costs.