LOWRIE *v.* BRENNAN.

OFFICERS—TERM OF OFFICE—REMOVAL—PROBATION OFFICERS—STAT-UTES.

  Statute providing that court probation officers be appointed and removed by the governor upon recommendation of respective courts and providing method of removal *held*, not in conflict with, but within exception of, statute defining and limiting term of office of officers ·and commissioners, appointed by the governor, in cases not otherwise defined and limited since statute relative to probation officers had effect of creating a tenure of office during good conduct and not for a definite period and entitled appointee to hearing upon removal in accordance with statute pursuant to which he held office (Comp. Laws 1929, § 402, and §§ 17377 and 17380, as amended by Act No. 308, Pub. Acts 1931).

SHARPE and POTTER, JJ., dissenting.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted October 6, 1937. (Docket No. 30, Calendar No. 39,659.) Decided December 29, 1937. Rehearing denied February 25, 1938.

Bill by Kathleen J. Lowrie and others against John V. Brennan and others for declaration of rights of plaintiffs to the office of assistant probation officers of the recorder's court of the city of Detroit. Decree for defendants. Plaintiffs appeal. Reversed and decree ordered entered in accordance with opinion.

*Lewis & Watkins,* for plaintiffs.

*Duncan C. McCrea,* for defendants.

BUSHNELL, J. I am unable to concur in the result reached by Mr. Justice SHARPE. In determining the effect of Act No. 146, Pub. Acts 1877 (1 Comp. Laws 1929, § 402) and Act No. 105, Pub. Acts 1913, as amended, particularly sections 7 and 10 thereof, the same being reenacted by Act No. 175, chap. 11, §§ 7, 10, Pub. Acts 1927 (3 Comp. Laws 1929, §§ 17377, 17380), Mr. Justice SHARPE applies the rule of interpretation found in 46 C. J. p. 965, which states:

"If the language of a statute specifying the term of office of an official is ambiguous, the interpretation which limits the term to the shortest time will be adopted."

I cannot find any ambiguity in either act.

The title of Act No. 146, Pub. Acts 1877, reads: "An act to define and limit the term of office of officers and commissioners, appointed by the governor, in cases *not otherwise defined and limited,*" and the body of the act states that such term "in

cases not otherwise provided, or where no term is specified in the act creating such officer or commission, shall expire'' in two years, etc.

The title of Act No. 105, Pub. Acts 1913, reads:

''An act to provide a uniform system of probation throughout the State of Michigan; the appointment of probation officers,'' etc. (1 Comp. Laws 1915, § 2029).

Section 7 of the latter act requires that probation officers ''shall be appointed by the governor,'' and section 10 gives the power of removal to the governor and provides the manner in which such removal may be accomplished. Section 10 of Act No. 175, Pub. Acts 1927, reenacting Act No. 105, Pub. Acts 1913 was amended by Act No. 308, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17380), to broaden the grounds for removal, but no change was made in the method.

Section 17377, controlled the appointment of plaintiffs and section 17380, their removal. The act of 1913 is within the exception recognized by the language, ''otherwise defined and limited'' or ''otherwise provided.'' See 1 Comp. Laws 1929, § 402.

There is no conflict in the application of the respective acts and no ambiguity in their language so far as the facts presented by this record are concerned.

Section 17380 had the effect of creating a tenure of office during good conduct and not for a definite period. Plaintiffs' tenure could be terminated only by the method provided in this section.

The decree of the trial court is vacated and one may be entered here in accordance with this opinion.

FEAD, C. J., and NORTH, WIEST, BUTZEL and CHANDLER, JJ., concurred with BUSHNELL, J.

Sharpe, J. (*dissenting*). This is an action for a declaratory judgment and for supplemental relief brought by five persons who had been appointed assistant probation officers of the recorder's court of Detroit on various dates from 1918 to 1930.

The plaintiffs were so appointed as follows: Kathleen J. Lowrie, on or about December 8, 1925; Harry Z. Gordon, June 15, 1924; Fred C. Wenskay, August 3, 1918; Hubert L. Keils, January 2, 1930; and Alex Berndt, December 1, 1922. On or about November 1, 1927, after the repeal, revision, and reenactment of Act No. 105, Pub. Acts 1913, creating their office, all of the plaintiffs, except Keils, were notified by the governor of the State of Michigan that they had been reappointed to said offices. They severally qualified by taking and signing the constitutional oath of office as required by Act No. 105, § 9, Pub. Acts 1913. See 3 Comp. Laws 1929, § 17379. There were no subsequent reappointments and the plaintiffs held and continued to discharge the duties of their offices as assistant probation officers and were paid therefor, continuously from the dates of their appointments and reappointments to December 31, 1935, when they were prevented from continuing their work and were denied further compensation by the defendants.

On or about December 31, 1935, each of the plaintiffs was advised in writing by defendant Gaston that he was not reappointed to the position of assistant probation officer of the recorder's court. Accordingly, upon receipt of Gaston's notice, the plaintiffs severally protested to the defendants that the attempted dismissal was improper, wrongful, unauthorized and unlawful. Further, that it was contrary to the statute for the reason that the provisions of 3 Comp. Laws 1929, § 17380, as amended by Act No. 308, Pub. Acts 1931 (Comp. Laws Supp.

1935, § 17380), were not complied with. The plain-
tiffs also severally notified the defendants that they
were ready to perform the duties of their respective
offices, and they formally tendered performance
thereof.

The defendants denied the claims of the plaintiffs,
ignored their protests and rejected their tenders of
performance, contending that the terms of office of
all of the plaintiffs expired on December 31, 1935,
and that, inasmuch as they had not been recom-
mended for reappointment and reappointed, they
were no longer assistant probation officers of the
recorder's court of Detroit.

The plaintiffs were never charged with incom-
petency, misconduct, failure to carry out the orders
of the court or neglect of any duty imposed upon
them by the court or the statutes of the State of
Michigan; no hearing was ever had on any such
charges; and no determination was ever made that
the plaintiffs, or any of them, were incompetent or
guilty of misconduct, neglect of duty or refusal to
carry out the orders of the Court.

The plaintiffs contend that under 3 Comp. Laws
1929, § 17377, they were respectively appointed to
act as assistant probation officers until they should
be removed for cause as provided for in 3 Comp.
Laws 1929, § 17380, as amended by Act No. 308,
Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17380);
and' that their legal status was not affected by the
notice of nonappointment, while it is the claim of the
defendants that the tenure of office of all of the
plaintiffs is controlled by 1 Comp. Laws 1929, § 402;
that under said section the term of office of all plain-
tiffs expired on December 31, 1935; and that after
said date they were no longer assistant probation
officers of the recorder's court of Detroit.

The trial court held that by virtue of 1 Comp. Laws 1929, § 402, the term of office of plaintiffs expired December 31, 1935, and dismissed their bill of complaint.

Act No. 146, Pub. Acts 1877 (1 Comp. Laws 1929, § 402), provides:

"That the term of office of officers and commissioners appointed by the governor, in cases not otherwise provided, or where no term is specified in the act creating such officer or commission, shall expire two years from the first day of January of the year when the appointment is made, unless the appointment shall be by the commission limited to a shorter term, in which case it shall cease as limited, or unless the appointment be to fill a vacancy, in which case it shall continue for the remainder of the term; Provided, that in cases where by law the office does not expire with the term, such officers shall hold the office and continue to act until their successors are appointed and have qualified."

It is contended by the plaintiffs that the above act is not applicable to the office of assistant probation officers for the reason that probation officers are not "appointed by the governor;" that the act creating the office of assistant probation officer creates a case "otherwise provided" or does specify a term, i. e., during good behavior.

We are of the opinion that the assistant probation officers are appointed by the governor. While the act provides that the recommendation may come from the judge, yet it also provides that the appointment *shall* be made by the governor. Under the terms of this act, there is no provision for making such appointment except by the governor.

When Act No. 105, Pub. Acts 1913, was enacted, the legislature had before it the provisions of the 1877 act, and we must presume that they gave it due

consideration. In 25 R. C. L. p. 959, the rule is stated to be that, "Statutes are to be read in the light of attendant conditions and the state of the law existent at the time of their enactment."

In 46 C. J. p. 964, it is said:

"Whether a public officer has a fixed term of office can be determined only by reference to the law creating the office, but a term of office may be fixed by law, although not so stated in express terms by the statute, where such a result is properly inferred from the construction of the statute as a whole."

See, also, *Burgan* v. *New Jersey Civil Service Commission,* 84 N. J. Law, 219 (86 Atl. 929).

And in 46 C. J. p. 965:

"If the language of a statute specifying the term of office of an official is ambiguous the interpretation which limits the term to the shortest time will be adopted."

In *Marcellus* v. *Wright,* 61 Mont. 274, 285 (202 Pac. 381), the court said:

"The law will not tolerate the thought that the tenure of office can begin or end at a time other than that fixed by the authority creating the office, or in any manner other than that so provided. * * *
"If the language employed were of doubtful meaning, that interpretation which limits the term to the shortest time should be adopted" (citing Mechem, Public Offices and Officers, § 390).

In *Opinion of the Justices,* 275 Mass. 575 (175 N. E. 644), the question submitted to the court was as to the tenure of office of a deputy auditor general appointed under a statute (Gen. Laws 1921, chap. 11, § 2) providing that the auditor "shall with the consent of the governor and council, appoint a first deputy auditor, at a salary to be fixed by the auditor,

with the approval of the governor and council, who shall perform such duties as may be assigned to him by the auditor *and who may be removed by him for cause at any time,* with the consent of the governor and council. If by reason of sickness, absence or other cause, the auditor is temporarily unable to perform the duties of his office, the first deputy shall perform the same until such disability ceases. In the event of a vacancy in the office of auditor, the first deputy shall be continued in office and shall perform all statutory duties of the auditor until an auditor shall be duly qualified." The court held that an auditor upon assuming office is authorized to appoint a new deputy without first removing the incumbent for cause and obtaining consent to such removal, that the tenure of office of the deputy is during good behavior for the term of the auditor appointing him (unless sooner removed for cause), during any period of vacancy in the office of auditor arising during the term of the auditor appointing him, and during any period of holdover due to the fact that his successor as deputy has not been appointed and qualified, that the term of the deputy expires with term of the auditor by whom he was appointed; and that it does not continue until he is removed for cause.

The court in determining the tenure of office said in words applicable to the case at bar:

"No statute in terms fixes the tenure of office of the first deputy. The inference is not permissible that he holds office for life or during good behavior without any statute to that effect.

"It is the general rule of the common law apart from statute that a public officer cannot give an appointee a tenure of office beyond his own. *Commonwealth* v. *Higgins,* 4 Gray (70 Mass.), 34; *Opinion of the Justices,* 239 Mass. 603 (133 N. E. 452)."

In *Aggeler* v. *Dominguez,* 217 Cal. 429 (19 Pac. [2d] 241), the question involved was whether the statute, providing for appointment of judges to fill certain vacancies, provided for the appointees to hold office for an unexpired term or for six years from the date of appointment. The court held that the former was the correct construction; and such appointees merely served for the balance of any unexpired term, and cited Mechem, Public Offices and Officers, § 390, and Throop, Public Officers, § 308, which states:

"But other considerations being equal, that construction of a doubtful provision of a statute or constitution will be followed which limits the term of office to the shortest time."

The court also quoted from *People* v. *Brenham,* 3 Cal. 477, 487, the following statement:

"We should not extend official terms beyond the time clearly defined but rather by implication, if necessary, shorten the duration of a term, than prolong it."

In *Caldwell* v. *Lyon,* 168 Tenn. 607, 615 (80 S. W. [2d] 80, 100 A. L. R. 1152), it is said:

"Public interest requires that all possible certainty exist in the election of officers and the beginning and expiration of their terms, and forbids that either be left to the discretion or vacillation of the person holding the office or body having the appointive power."

In 22 R. C. L. p. 550, it is said:

"The practical construction of the statute as exemplified either by the former conduct of the public officer interested in the question, or by the long continued action of other officials, is likewise a factor of

considerable importance in reaching a proper construction of a law regulating the tenure of office.''

Another obvious rule is that a term fixed by statute cannot be changed by the appointing power. *Brown, ex rel. Gray,* v. *Quintilian,* 121 Conn. 300 (184 Atl. 382).

In *Hughes* v. *Buckingham,* 5 S. & M. (13 Miss.) 632, an act passed in March of 1833 clothed the chancellor with power to appoint a clerk, but the tenure of his office was not fixed by the act. By a general law passed in December of 1833, the tenure of all offices, not otherwise provided for, was limited to four years. The court held that the term of that officer was fixed at four years from the date of his appointment.

Plaintiffs cite *Board of Street Com'rs of Hagerstown* v. *Williams,* 96 Md. 232 (53 Atl. 923); *Rowell* v. *City of Battle Creek,* 169 Mich. 19 (Ann. Cas. 1913D 1204); and *Klink* v. *State, ex rel. Budd,* 207 Ind. 628 (194 N. E. 352, 99 A. L. R. 317), as authority for the proposition that when a constitution or statute creates an office and leaves its tenure undefined, that tenure is for life or good behavior. We think the above cited cases have no application to the principle involved in the case at bar. In the *Williams Case, supra,* there was no statute limiting the tenure of employees such as policemen, such as our 1877 act. In the *Rowell Case,* the act under which the police matron was appointed provided that she should "hold office until removal," while in the *Klink Case* the rule there adopted is that where there is a provision in a statute providing that public officers shall serve during good behavior, such statute declares the duration of the term.

In our opinion the 1913 probation act does not specify a term of office. The provision in said act

relating to the removal of officers has application only to removal during their term of office. The 1877 act is controlling and limits the term of office to two years.

The judgment should be affirmed. Defendants should recover costs.

POTTER, J., concurred with SHARPE, J.