HAACK *v.* BANISH.

1. OFFICERS—SALARIES—CONSTITUTIONAL LAW—HOME RULE ACT.
    The inhibition against the raising or lowering of salaries found in the Constitution and home rule act applies only to the definite and not to the indefinite term of an official, is designed to prevent the use of an indirect method to discharge an official by the subterfuge of reducing his salary and applies to all public officers with a definite term and all salary-fixing bodies (Const. 1908, art. 16, § 3; 1 Comp. Laws 1929, § 2241).

2. MUNICIPAL CORPORATIONS—POLICEMEN—TENURE OF POSITION.

Under city charter providing for appointment of policemen and removal, discharge or demotion after notice and hearing before city council, policemen hold their positions during good behavior (Hamtramck charter, chap. 9, § 19, chap. 11, §§ 1, 2).

3. SAME—POLICEMEN—TENURE OF OFFICE—SALARY.

Policemen, holding office during good behavior, have an indefinite term and are not affected by the constitutional and statutory inhibition as to change of salary during term of office (Const. 1908, art. 16, § 3; 1 Comp. Laws 1929, § 2241; Hamtramck charter, chap. 9, § 19, chap. 11, §§ 1, 2).

4. SAME—POLICEMEN—CHANGE OF SALARY BY CITY COUNCIL.

Provision of city charter that compensation of policemen should be fixed and determined from time to time by the city council which should have power and authority to change such compensation, at any time, gave the council power and authority to change the salary of policemen at will (Const. 1908, art. 8, §§ 20, 21; art. 16, § 3; 1 Comp. Laws 1929, § 2241; Hamtramck charter, chap. 9, § 19, chap. 11, §§ 1, 2).

5. COSTS—MANDAMUS—PUBLIC QUESTION.

No costs are allowed in mandamus proceeding to compel payment of balance of salary alleged to be due policemen under Constitution, statutes and city charter provisions, a public question being involved (Const. 1908, art. 8, §§ 20, 21; art. 16, § 3; 1 Comp. Laws 1929, § 2241; Hamtramck charter, chap. 9, § 19, chap. 11, §§ 1, 2).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 11, 1938. (Calendar No. 39,622.) Decided February 2, 1939. Rehearing denied March 10, 1939.

Petition for mandamus by Louis Haack and others against George A. Banish and other city officials of the city of Hamtramck, to compel the payment of salary deficiencies. Writ denied. Plaintiffs appeal in the nature of certiorari. Affirmed.

*George E. Brand,* for plaintiffs.

*William Cohen,* for defendants.

Sharpe, J. This is a petition for mandamus filed by certain members of the police department of the city of Hamtramck to compel payment of salaries claimed to have been unlawfully withheld. The material facts are not in dispute.

Petitioners are members of the Hamtramck police department and had been prior to July 1, 1931. Salaries of members of the police department had been raised during previous years. In June, 1931, the common council of the city of Hamtramck adopted and passed a budget of appropriations for the fiscal year of 1931 and 1932 in which budget the sum of $274,515 was allowed for the police department and $81,810 for the welfare department. By November, 1931, because of the economic conditions, the welfare department had spent $134,285.72. In order to meet this financial crisis the city attempted to sell $275,000 of emergency bonds. Bond buyers agreed to buy these bonds on condition that the city cut its monthly expenditure in all departments except the welfare department. The result of this economy measure meant that the salaries of policemen were to be cut 25 per cent. or a reduction in the force to meet the conditions named by the bond buyers. In the spring of 1932, the city of Hamtramck contemplated the borrowing of about $400,000 in anticipation of the collection of the next year's taxes in order to meet the expenses, but before the banks would loan this amount, they insisted that other economies be effected in all departments.

In compliance with this latest economy measure, a scheme was evolved whereby the personnel of the police department would remain the same, but with the understanding that each officer would work nine and a half months during the year. The result of

this meant a further reduction in salaries of 15 per cent.

With the beginning of the fiscal year of 1933, the pay of members of the police department was increased until 1936 when it was 95 per cent. of what it had been before salaries had been reduced. In 1936, petitioners filed claims with the common council for the amount that had been deducted during the fiscal year 1931–1932. These claims were not allowed, whereupon petitioners petitioned the circuit court for a writ of mandamus. The cause came on for trial and on May 3, 1937, the trial court entered an order denying the petition for mandamus.

Petitioners appeal and contend that they are "public officers" or "public officials" and as such are protected by the Constitution and statute against salary reductions during term of office; that any charter provision purporting to authorize police force salary change during budget periods violates the Constitution and home rule act and is therefore void; that the attempted salary reduction made in November, 1931, was accomplished by illegal methods; and that the second budget reduction of 15 per cent. did not affect such petitioners as did not take a "lay off."

Article 16, § 3, of the Constitution of 1908 provides that "salaries of public officers, *except circuit judges,* shall not be increased, nor shall the salary of any public officer be decreased, after · election or appointment." Act No. 279, § 5, Pub. Acts 1909, as amended (1 Comp. Laws 1929, § 2241 [Stat. Ann. § 5.2084]) also known as the home rule act, provides that no city shall have power "to change the salary or emoluments of any public official after his election or appointment or during his term of office."

In our construction of the Constitution and home rule act we held in *Burton* v. *City of Detroit*, 190 Mich. 195, that the inhibition against the raising or lowering of salaries applies only to the *definite* and not to the indefinite term of an official.

In *Bodell* v. *City of Battle Creek*, 270 Mich. 445, we said:

"One of the reasons for the rule that an official's salary cannot be reduced during his definite term is to prevent the use of an indirect method to discharge an official during such term by the subterfuge of reducing his salary."

In *Gillespie* v. *Oakland County Board of Auditors*, 267 Mich. 483, we said:

"All public officials are within the inhibition against decrease of salary during term of office. The mandate applies to all public officers having fixed terms and all salary-fixing bodies."

See, also, *Holland* v. *Adams*, 269 Mich. 371.

Having determined that a fixed tenure or definite term is necessary to invoke the constitutional inhibition, we now consider the *tenure* of petitioners as members of the police department of the city of Hamtramck.

The Constitution of Michigan gives the legislature authority to enact general laws for the incorporation of cities.

"The legislature shall provide by a general law for the incorporation of cities." Const. 1908, art. 8, § 20.

"Under such general laws, the electors of each city * * * shall have power and authority to frame, adopt and amend its charter * * * and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject

to the Constitution and general laws of this State."
Const. 1908, art. 8, § 21.

The charter of the city of Hamtramck provides:

"The council shall maintain a police force for the
protection of the persons and property of the in-
habitants." Chap. 11, § 1.

"The director of public safety * * * shall * * *
appoint * * * such number of police officers, patrol-
men and other officers and members of the police
department as the council shall by ordinance or reso-
lution direct." Chap. 11, § 2.

"The director of public safety shall appoint * * *
a chief of police and a chief of the fire department
who shall be responsible to him for the conduct of
their respective departments, and who may be re-
moved without assigning cause, by the director of
public safety at any time, but no other officers, police-
men, firemen or person employed upon the police
signal and fire alarm systems shall be removed, dis-
charged or demoted, excepting only upon charges
preferred and proven, after due notice of hearing,
before the city council of the city of Hamtramck."
Chap. 9, § 19.

Under the above charter provisions policemen
are appointed and hold such positions "during good
behavior." In *Lowrie* v. *Brennan,* 283 Mich. 63, we
had under consideration the construction of 3 Comp.
Laws 1929, § 17380, as amended by Act No. 308, Pub.
Acts 1931 (Comp. Laws Supp. 1935, § 17380, Stat.
Ann. § 28.1140). We there held that the effect of
this section was to create a tenure of office during
good conduct and not for a definite period.

It is our conclusion that policemen holding office
"during good behavior" have an indefinite term and
are not affected by the constitutional inhibition. In

view of this holding, it follows that section 19 of chapter 9 of the charter of the city of Hamtramck, which provides "the compensation of the chief of police and fire departments, as well as those employed in the police signal and fire alarm departments, and all other officers, firemen, policemen and persons employed in said departments, shall be fixed and determined from time to time by the city council, which shall have the power and authority to change, at any time, such compensation in any manner as it shall deem necessary," gives the council the power and authority to increase or decrease the salary of policemen at will.

The order of the lower court denying plaintiffs' petition for writ of mandamus is affirmed. No costs will be allowed as a public question is involved.

Wiest, Potter, Chandler and McAllister, JJ., concurred with Sharpe, J.

Bushnell, J. (concurring). I concur in the affirmance of the order of the trial court which denied plaintiff's petition for writ of mandamus, but I do not agree with Mr. Justice Sharpe's application of Lowrie v. Brennan, 283 Mich. 63, being of the view that the statute under consideration in that case is limited in its effect to the subject matter embraced therein. The question passed upon in that case is not involved in the instant case.

North, J., concurred with Bushnell, J. Butzel, C. J., did not sit.