167 N.J. Super. 129 (1979)
400 A.2d 548
FELIX CABARLE, PLAINTIFF,
v.
GOVERNING BODY OF THE TOWNSHIP OF PEMBERTON AND CHARLES BALCZUN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 26, 1979.
*132 Mr. John O. Sitzler, Jr. for plaintiff (Messrs. Mathews & Sitzler, attorneys).
Mr. Donald E. Williams for defendants (Messrs. Polino & Williams, attorneys).
HAINES, J.S.C.
Defendant governing body is the duly elected township committee, having five members, of the Township of Pemberton, Burlington County. An ordinance creating the office of township administrator was adopted by this body in December 1969 and reenacted in April 1973. Plaintiff Felix Cabarle was appointed to this position on April 21, 1978. On February 5, 1979, by a vote of three in favor and two opposed, defendant removed plaintiff from office. Simultaneously, Charles Balczun, an additional defendant, was appointed interim township administrator.
*133 Plaintiff asserts that his dismissal was not accomplished in accordance with the provisions of the enabling legislation, which permits municipalities to establish the position of municipal administrator. Consequently, he seeks to reclaim that office. Defendant asserts that all of its actions are in compliance with the enabling act. Resolution of this controversy raises novel questions concerning the proper interpretation of the enabling legislation.
N.J.S.A. 40A:9-136 empowers any municipality to enact an ordinance creating the position of municipal administrator. If a municipality adopts the municipal administrator option, N.J.S.A. 40A:9-137, provides that the mayor or other chief executive officer shall appoint an individual to hold such office with the advice and consent of the governing body. This section also states that "[t]he term of office of the municipal administrator shall be at the pleasure of the governing body." The procedure for removing an administrator is set forth in N.J.S.A. 40A:9-138. A resolution of removal must have the support of two-thirds of the governing body and takes effect three months after passage, or, if three months additional salary is paid, may then take effect immediately.
Defendant argues that in evaluating the propriety of its action a distinction needs to be drawn between the term of office of a municipal administrator and the township committee's power to remove a municipal administrator. The five members who compose the township committee of Pemberton Township serve staggered three-year terms. This scheme requires some members to stand for election each year. Defendant points out that the committee reorganizes annually, see N.J.S.A. 40:45A-1, and that Andrews v. Lamb, 136 N.J.L. 548 (Sup. Ct. 1948), held that a township committee governed by N.J.S.A. 40:146-2, as here, does not constitute a continuous body. See Gulnac v. Bergen, 74 N.J.L. 543 (E. & A. 1906). Therefore, defendant argues that the removal portions of the statute are not pertinent because it is the power of each governing body to *134 appoint its own municipal administrator and not the power to remove him which is in issue. Accordingly, it is suggested that since the incoming township committee was merely exercising its power of appointment in making Charles Balczum interim township administrator, the removal provisions of the enabling legislation have not been transgressed. This analysis proceeds on the assumption that the Legislature only delegates to subservient bodies one of two types of appointive power.
Upon the one hand is the power to appoint an individual for a fixed term which may extend beyond the life of the appointing body. An individual appointed to a post for such a term may be removed prior to the term's expiration only for cause. See Nolan v. Witkowski, 32 N.J. 426, 427-28 (1960); Clay v. Browne, 96 N.J.L. 303 (Sup. Ct. 1921), aff'd 97 N.J.L. 315 (E. & A. 1922); Rosetty v. Hamilton Tp. Comm., 82 N.J. Super. 340, 350-52 (Law Div. 1964), aff'd 96 N.J. Super. 66 (App. Div. 1967). Defendant, quite correctly, says that this power of appointment only exists when the Legislature has granted such power to the appointing body, see Larkey v. Bayonne, 123 N.J.L. 134, 136 (Sup. Ct. 1939), aff'd 124 N.J.L. 172 (E. & A. 1940); Bohan v. Weehawkin, 65 N.J.L. 490, 493 (Sup. Ct. 1900); Mathis v. Rose, 64 N.J.L. 45 (Sup. Ct. 1899), aff'd 64 N.J.L. 726 (E. & A. 1900), and that the power to appoint for a fixed term does not exist when the appointee is to serve at the pleasure of the appointing body, see Murphy v. Hudson Cty. Freeholders, 92 N.J.L. 244, 246 (E. & A. 1918).
On the other hand is the power to appoint an individual to a position the term of which is limited to the duration of the appointing body's existence. It is this power only that defendant claims is authorized by the enabling act here. This type of appointive power is illustrated in a series of cases, typified by Burgan v. Civil Service Comm'n, 84 N.J.L. 219 (Sup. Ct. 1913). See, e.g., Talty v. Hoboken Bd. of Ed., 10 N.J. 69 (1952); Young v. Stafford, 86 N.J.L. 422 *135 (Sup. Ct. 1914), aff'd 87 N.J.L. 726 (E. & A. 1915); Hayes v. Mobius, 96 N.J.L. 88 (Sup. Ct. 1921); Skladzien v. Bayonne Bd. of Ed., 12 N.J. Misc. 602 (Sup. Ct. 1934), aff'd 115 N.J.L. 203 (E. & A. 1935). In all of these cases, save one, the precise wording of the statute authorizing the appointment was of determinative importance. For example, in Skladzien v. Bayonne Bd. of Ed., supra, the statutory language was, "every board of education shall employ * * * a medical inspector * * *." The thrust of the reasoning employed in these cases is aptly summarized in Young v. Stafford's discussion of Burgan:
This case does not, as has been argued to us, lay down the broad rule that all appointments are limited to the life of the body or officer who makes the appointment. Indeed, such argument loses sight of the phraseology of the statute that was construed in the Burgan case, viz., "[e]ach board shall upon organization * * * have power to employ a secretary," and so forth, which is the same statute that is now before us, from the language of which it is perfectly clear that what each board upon its organization has the power to do every board has the power to do, and that if every board upon its organization has the power to employ a secretary, no previously organized board has the power to employ one for it; hence, by the language of the act the employment of a secretary is necessarily limited to the organized life of the board that appointed him. [86 N.J.L. at 423]
The analogous language in the enabling legislation authorizing the creation of a municipal administrator states, "Appointment to the office of municipal administrator shall be made by the mayor or chief executive officer of the municipality with the advice and consent of the governing body." N.J.S.A. 40A:9-137. The wording of this provision is sufficiently dissimilar to distinguish it from the statutes involved in Burgan and its progeny.
Only Hayes v. Mobius, supra, offers direct support for defendant's proposition. This case involved the appointment of a clerk of the board of fire and police commissioners under N.J.S.A. 40:174-9, which provides that "said board shall have the power to appoint a clerk [who] shall hold his position *136 during good behavior * * *." The court held that since the legal existence of the board expired on an annual basis and the statute required the commissioners to reorganize each year, the statutory situation was indistinguishable from Burgan and Stafford.
Before the persuasiveness of Hayes can be properly assessed, two later decisions of our present Supreme Court must be taken into consideration. Each of these cases recognizes that the Legislature may delegate a third type of appointive power to subservient bodies. This power authorizes the appointment of an individual to a position for an indefinite period of time. That is to say, the position is neither occupied for a fixed period of time nor for only the life of the appointive body, but instead continuously until the responsible body affirmatively terminates the appointment in accordance with the applicable provisions of the enabling act or other legislation.
In DeVita v. Paterson Housing Auth., 17 N.J. 350 (1955), the City of Paterson had established a housing authority under the Local Housing Authorities Law. The statute prescribed that the commissioners of the authority, five in number, should serve staggered three-year terms. Further, the authority was empowered to employ a secretary who would also act as executive director, but no fixed term of service was set forth in the enabling legislation. Plaintiff was appointed treasurer, secretary and executive director of the authority on February 13, 1951. His employment in these positions was terminated by a resolution effective December 15, 1953. As a veteran, plaintiff was entitled to the protection afforded by the Veterans' Tenure Act, which provided in part that a veteran could not be removed from office "except for good cause shown after a fair and impartial hearing." Such protection, however, was only available to veterans occupying government posts whose terms were not fixed by law.
The Appellate Division had concluded that an appointment under the statute was required to be for a fixed term so that tenure protection was not provided. The Supreme Court, *137 finding that "[t]he matter is largely one of legislative intent to be gathered from the language and plan of the particular statute under consideration," 17 N.J. at 358, reached a different conclusion. Based upon its reading of the statutory scheme, the court concluded that although the office was terminable at the will of the commissioners, the Legislature intended the managing official of the authority, the secretary-executive director, to hold office indefinitely. Consequently, the position fell within the scope of the Veterans' Tenure Act and was protected.
The second Supreme Court case that bears upon the present controversy is Lohsen v. Keansburg, 4 N.J. 498 (1950). The Borough of Keansburg operated under the municipal manager form of government. Plaintiff was originally appointed municipal manager in 1927 and served without interruption until 1949. In 1929, 1933, 1937 and 1941 the governing body of the borough, by resolution, had reappointed plaintiff to the position. As a result of a municipal election the composition of the governing body was altered in 1949 and the new township council appointed an acting municipal administrator, thereby depriving plaintiff of his post.
Initially, the enabling legislation permitted the municipal manager to "hold office as long as he shall perform the duties of his office to the satisfaction of the municipal council." Id. at 502. However, he could be removed at any time by a resolution supported by one more than a majority of the municipal council. Subsequently, and during plaintiff's service, the enabling legislation was amended to add the requirement that a municipal manager could be removed only for cause after a hearing. A later amendment modified this provision by allowing for the removal of a municipal manager, with or without cause, for the first three years of his employment and thereafter only for cause.
The borough argued among other things, that since the municipal manager's term of office could not extend beyond the term of the appointing council, it was free to disregard *138 the removal sections of the enabling legislation and appoint a new municipal manager without considering cause. Although the court recognized the principle, it carefully circumscribed its applicability by adding the qualification that a statutory direction to the contrary is always controlling. It held, based upon its examination of the enabling legislation and its evolution, that the Legislature intended plaintiff to have tenure from the moment of his appointment, subject only to the statutory removal provision. Id. at 504.
All the foregoing cases make clear that the question is entirely one of legislative intent. Since we do not have the benefit of any revelations in legislative history or prior court decisions construing these provisions, the intent of the Legislature must be discerned from the statutory language and its setting. At the beginning it should be said that defendant's insistence upon separating the term-of-office section of the statute from that dealing with removal runs contrary to an obvious tenant of statutory construction, i.e., that all parts of a statute concerning a particular subject must be read together and interpreted harmoniously. See Hoffman v. Hock, 8 N.J. 397, 406-07 (1952); Plainfield Bd. of Ed. v. Plainfield Ed. Ass'n, 144 N.J. Super. 521, 524 (App. Div. 1976). This canon requires a linkage of the language fixing the term of office "at the pleasure of the governing body" with that permitting removal "by a 2/3 vote of the governing body." Read from this perspective, the legislative direction that the administrator shall serve "at the pleasure of the governing body" establishes a term that commences with appointment and terminates only upon adoption of a resolution of removal by a 2/3 vote of the governing body.
A contrary interpretation would render the removal portion of the statute almost meaningless. The 2/3 vote required for removal would rarely be necessary for the township committee could simply wait a few months to the end of its current year and then refuse reappointment. The provisions of the statute delaying for three months the *139 effective date of removal, or permitting the payment of three months' salary in lieu thereof, would similarly be much diluted; the governing body could easily circumvent this provision by not acting until it reorganized. As was stated in R.H. Macy & Co., Inc. v. Director, Division of Taxation, 77 N.J. Super. 155, 168 (App. Div. 1962), aff'd 41 N.J. 3 (1963), a court is "bound, if reasonably possible, to seek and find significance in legislative language rather than to conclude for sterility therein."
In support of its interpretation, defendant suggests that the Legislature is aware of political reality and would not expect an administrator to be continued in office when there is a political shift affecting control of the governing body. Furthermore, it notes that there is nothing objectionable, legally, in the discharge of a confidential, policy-making employee, such as an administrator, for purely political reasons. See Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); Dyke v. Otlowski, 154 N.J. Super. 377 (Ch. Div. 1977). "Political reality," however, supports an opposite legislative intent.
The position of administrator is one of significance and sensitivity, a conclusion underlined by the language of Pemberton Township's ordinance creating the office. It provides that the administrator is required to have executive and administrative abilities with special qualifications in government affairs, and is to be the chief administrative officer of the township. He is to "develop, promulgate and implement with the approval of the township committee, sound administrative personnel and purchasing practices and procedures for all departments, offices and agencies of the Township of Pemberton." This broad language is followed by a long list of specific responsibilities which represent central concerns of the municipality, making the administrator the key executive officer for the community. A person holding this office is necessarily subject to criticism from those who resist his policies and directives  critics better served when he lacks independence. It is particularly difficult *140 for an executive in this position to operate effectively if his decisions are dictated by politics. According to an article in New Jersey Municipalities (April 1977) entitled "The Ordinance Administrator in New Jersey, 117 administrators had been appointed in New Jersey as of 1977. It is reasonable to conclude that the Legislature, in adopting the statutes in question, did so with the intention of protecting the administrator from these difficulties by providing him with a continuing appointment, subject to forfeiture only by a 2/3 vote of the governing body. See Lohsen v. Keansburg, supra.
Defendants' fall-back position is that the ordinance creating the position of administrator of Pemberton Township is invalid and unenforceable so that plaintiff never was properly appointed. The claim rests upon two sections of the ordinance, one providing that any vacancy in the administrative office shall be filled by appointment "for the unexpired portion of the term only," and the other that the administrator may not be removed except for cause. Both of these provisions are directly contrary to statutory direction and are not valid. The question, therefore, is whether they invalidate the entire ordinance. It lacks a severability clause, but that is not conclusive; when present, it merely aids statutory construction. Ahto v. Weaver, 39 N.J. 418 (1963); State v. Lanza, 27 N.J. 516 (1958). In the latter case, the court stated the rule to be as follows:
* * * even if there be no such express declaration of separability, an unconstitutional provision in a statute does not affect the validity of a separate article or clause of the enactment, if otherwise valid, unless the two are so intimately connected and mutually dependent as reasonably to sustain the hypothesis that the Legislature would not have adopted the one without the other. Where the principal object of the statute is constitutional, and the objectionable provision can be excised without substantial impairment of the general purpose, the statute is operative except insofar as it may contravene fundamental law. And the question is to be considered in the light of the settled principle that a permissible doubt as to validity is to be resolved in favor of the enactment. [at 528]
*141 The same rule of construction applies to municipal ordinances. Angermeier v. Sea Girt, 27 N.J. 298, 311 (1958). Here, the significant parts of the ordinance were those creating the office of administrator and delineating his responsibilities. The section prohibiting removal without cause limited the power of the governing body, so that its deletion should not be considered so unacceptable as to lead to the conclusion that the ordinance would not have been adopted without it. The vacancy provision is of minor importance. Consequently, I find that the ordinance has been effective since its adoption, without the offending provisions.
I conclude that plaintiff Felix Cabarle is still the administrator of Pemberton Township, holding a position of continuing employment from which he has not been discharged by the required 2/3 vote of the township committee.